DA 12-0445

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 91N

FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiff and Appellee,

v.

JEFFREY S. PETTY and MEGAN A. PETTY,

Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-11-1313C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Timothy Baldwin, Lerner Law Firm, Kalispell, Montana

For Appellee:

Cassie R. Dellwo, Mackoff Kellogg Law Firm, Dickinson, North Dakota

Submitted on Briefs:  March 20, 2013

Decided:   April 9, 2013

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Defendants Jeffrey S. Petty and Megan A. Petty appeal a decision of the Eleventh Judicial District Court, Flathead County, granting summary judgment to Plaintiff Federal Home Loan Mortgage Corporation ("Freddie Mac").  We affirm.

¶3      The Pettys executed a deed of trust on February 21, 2007, encumbering a tract of real property in Marion, Montana.  The original beneficiary of the deed of trust, Mortgage Electronic Registration Systems, Inc., assigned its interest to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP ("BAC"), pursuant to an assignment of deed of trust executed December 18, 2009.  Thereafter, BAC appointed ReconTrust Company, N.A., as substitute trustee.

¶4      The Pettys defaulted on their obligations under the deed of trust as stated in the Notice of Trustee's Sale dated December 17, 2010.  ReconTrust thereupon initiated a trustee's sale, which was held May 3, 2011.  BAC was the purchaser at the sale.  On May 5, 2011, BAC conveyed the subject property by warranty deed to Freddie Mac.

¶5      The Pettys remained on the property after the trustee's sale.  As a result, Freddie Mac served the Pettys a Notice to Quit on July 19, 2011, advising the Pettys that the tenancy under which they remained on the property would not be renewed and that they

2

were required to quit and deliver possession of the property to Freddie Mac within thirty days. The Pettys refused to vacate. Freddie Mac served the Pettys a second Notice to Quit on October 3, 2011, stating that the Pettys' tenancy had ended on August 19 and that they had three days to vacate the property. Still, the Pettys refused to vacate.

¶6 As a result, Freddie Mac initiated the instant unlawful detainer action against the Pettys on October 24, 2011. Following oral argument on June 5, 2012, the District Court granted Freddie Mac's motion for summary judgment under M. R. Civ. P. 56(c), thus rendering other pending motions moot. Citing § 71-1-319, MCA, the court determined that Freddie Mac, as the successor in interest to the purchaser at the trustee's sale, was entitled to possession of the subject property on May 15, 2011. The court observed that Freddie Mac had offered proof in support of its allegations, which the Pettys had not rebutted. Furthermore, the court concluded that the Pettys had failed to properly plead constructive fraud. After finding that notice and process were complete and that there were no genuine issues of material fact, the District Court determined that Freddie Mac was entitled to judgment as a matter of law.

¶7 The Pettys contend on appeal that the District Court erred in granting summary judgment in favor of Freddie Mac. We disagree. Pursuant to § 71-1-319, MCA, Freddie Mac was entitled to possession of the subject property as the successor to the purchaser at the trustee's sale. Montana's unlawful detainer statutes require a thirty-day notice to quit, § 70-27-104, MCA, and a three-day notice of reentry, § 70-27-106, MCA. Freddie Mac gave both notices prior to filing this unlawful detainer action. The Pettys continued to occupy and possess the property. Based on the record before us, it is clear that Freddie

Mac complied with the applicable provisions of law and is the owner of the property. The Pettys have presented no evidence suggesting that there are genuine disputes as to any material issues of fact. Furthermore, we agree with the District Court that the Pettys failed to properly plead fraud pursuant to M. R. Civ. P. 9(b). Accordingly, the District Court correctly granted summary judgment to Freddie Mac.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly applied.

¶9 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4